All right we're ready to hear argument in Bouari v. United States and we will hear first from Mr. Iredell. Thank you, Your Honor. Ghassan Bouari was held for 560 days on charges as to which we submit there was no probable cause before the government dismissed those charges. The court has provided to counsel some questions that I think I should begin by answering as part of our submission to the court. The first question essentially is what were the charges specifically against Ghassan Bouari. He was named in two counts. Count 12 which charged aiding and abetting as well as a substantive violation of section 1956 a 3 a and b and 18 USC section 2 and the language of that count count 12 which was before the court was that he and his half brother who was one of the three other co-defendants of the case aiding and abetting one another and others with promote with the intent to promote the intent to conceal the disguise the nature location source ownership and control of property believed to be proceeds of specified unlawful activity. Can I ask you is the so as to the aiding and abetting is is the fabricated testimony relevant to that claim or is it only relevant to this under the the substantive money laundering charge? Your Honor it is our submission that it's relevant to both those charges because even though an aider and abetter need not commit all of the acts or elements of the underlying crime the aider and abetter must share the relevant mens rea that would require be required for the underlying crime. In other words the aider and abetter for instance might not complete a full transaction may only assist with part of the events but that must be done with the mens rea that would be the same as required for conviction as a principle. So more specifically then if we're just for the want to know more about whether there's also a substantive charge but let's talk about ending abetting for now. The aider and abetter has to have the intent to promote the carrying on of specified unlawful activity and the intent to conceal and disguise the nature location source ownership control of property believed to be the proceeds of specified unlawful activity. Is that your position? Yes. Now does the aider and abetter is it is a specific language which is what you specifically claimed the fraud was about that is the represented by federal law enforcement officer to be proceeds of specified illegal activity is does that have to go to the aider and abetter as well? Well I need to answer with respect to the case law. The answer with respect to the case law is that it needs to have been made to somebody either the aider and abetter or the principal and all of the relevant criminal actors have to be aware of the nature of that representation although it need not be made specifically to each and every participant in the offense. Well but that's well but you would get that out of the intent to promote the carrying out of specific unlawful activity because they have to know what specific unlawful specified unlawful activity and later on it says what this what specified unlawful activity is to which money's derived from narcotics trafficking or from trans and so on so that's specified unlawful activity and that is wrapped into the intent but do they does he also have to know that this representation was made by a by a federal law enforcement officer? No no and theoretically he would not know at the time of the Commission of the offense that he's dealing with a federal law enforcement officer. The aider and abetter doesn't have to so then to go back to Judge Nelson's question since the alleged fraud is about whether the federal law enforcement officer told him this how is that pertinent to the aider and abetter although I still want to come back to the other question. All right let me make sure that I probably understand your question Judge Berzon. Would you mind and I beg your pardon. What I'm trying to say is this if the representation itself neither has to be made to the aider and abetter nor does the aider and abetter have to know that there was a representation by a federal law enforcement officer or its agent although they do have to know that there was specified unlawful activity and intended to conceal and so on and so on of specified unlawful activity how is the specific fraud alleged here which is whether the federal law enforcement officer told him pertinent to the aider and abetting charge? He needs to know that the specific property involved was represented at some point by someone to be proceeds of specified unlawful activity because he doesn't need to know that that was made by a federal officer. That's exactly right and in fact the whole purpose of this aspect of the statute is to allow federal officers to represent the funds that are the subject matter of the transaction as being the fruits of unlawful activity without actually having bad money. In other words this is the so-called sting provision of 1956 where the statute was amended to allow a but with funds that the government had there was the statutory requirement that in some way so if if we agree with you well let's say we agree with you that there's no not a third that there is a third charge and there's no probable cause for it for the substantive under money laundering. Does it matter if we probable cause as to the aiding and abetting and because Nevada law I can't tell that Nevada laws looked at this is that is the best way to discern Nevada law to say well Nevada law has generally said we follow California and California law has has adopted this what is the idea that you have to parse these out as to each separate claim for problem for probable cause? Well first of all Judge Nelson let me say that my research is exactly as the court has suggested in other words Nevada law has never specifically dealt with this issue if you have probable cause as to one charge but no probable cause as to another what is this result? There's no Nevada case that addresses that however it would seem to me that the fact is that any charge any charge that is a false charge that is maliciously prosecuted is the subject matter would it would it have to have an impact claim would it would it have to have an impact because I mean part the main problem here is that your client was detained for a year and a half if there was probable cause on the first two claims and that was enough to detain him for the year and a half I'm not sure it makes sense to parse them out that way but I mean I'm also not on the Nevada Supreme Court so that I guess a better question is has California addressed this are you aware of California I think the lay of the land is that the majority of states have said you have to parse it out state by state has California come into that camp to say you have to parse it out claim by claim? I am not familiar with California law I was limited in my research to the Nevada point although I'm a California lawyer. More specifically on Judge Nelson's point as a practical matter whatever the law is if he I'm not sure what good it would do you to have him to have to parse them out because you still have to prove damages for the illegal detention and if he would have been detained for the same amount of time anyway it doesn't really make any difference to your case. Well I am aware of essentially the de minimis rule or the Chick Hearn rule no harm no foul. Well I'm not saying that I'm saying that that supposing we parsed it out we concluded that the malicious that there was malicious prosecution with regard to a substantive claim that inheres in this charge which I still want to get back to but then and so you'd win ie there was malicious prosecution but then you have to prove damages and I don't see how you could prove damages from the fact that there was a malicious prosecution as to one of three charges when your your damage is inherent in being detained and he would have been detained anyway presumably unless you think you could prove not which seems unlikely. I'm not interested in a pyrrhic or well that's what I'm saying I'm saying wouldn't it be a pyrrhic victory. I would have to say I think that there's much in what your honor has to say although as a technical matter the legal answer should be the issue of damages is a factual one and one could argue that had he not been charged with the substantive violation had it been clear that there was a delineation only on a minor participation he would not likely have been detained for 560 days but that's it that's a factual issue and so let me just go if I could judge Burzon I wanted to go to your point which is let's now go to the point the substantive point was he charged substantively the answer is yes in that regard the government in their pleadings which are cited in our excerpt say that he was charged with both aiding and abetting and the substantive offense as was his brother that's the language but my point simply was all three of these charges whether it's on an aiding and abetting ground or the conspiracy or on the substantive count all of them require that the representation had been made and in fact in this case the report which we allege and this is all language in the complaint we say the agent falsely claimed that he said to Gassan but isn't the problem is that you haven't alleged that the agent falsely said it to Emil Edward Barari in other words if he if the agent said it to Emil Barari that would satisfy an aiding and abetting charge right the government has otherwise alleged it in other words as as to that if there was sufficient evidence for which one could infer that the aider and abetter knew that yes the answer to your question would be yes but given this factual situation there's no evidence of any kind that Gassan had the requisite criminal knowledge as to any of the three charges. But this is on a motion to dismiss and you haven't alleged that it wasn't made to Emil Barari so don't you have a problem? Well I only on the adding and abetting. No I don't think so in other words there's there's nothing in the record one way or the other and no allegation one way or the other and I don't think it's our burden in that regard to as as the in the principle pleading to have to negate all of the if we properly allege the prima facie elements of the action. My time is expired. Leaving aside the substantive claim to the probable cause on the aiding and abetting for now and I the government's position is that there was probable cause because it was in the room he brought a money laundering a money counting machine and there was $60,000 he was in the room. That's one one notion and I have difficulty seeing how you prove the intent how that is probable cause of any intent with regards to specified unlawful activity. But then there is this tape of this conversation which was judicially noticed so and and the conversation as it appears in the government's brief is actually in the underlying case it's actually longer and somewhat more damaging to your client. So the question is with that was the judicial notice proper and with the whole dialogue included why isn't there probable cause? The answer is judicial notice was not appropriate for several reasons. One of which was that there was inadequate notice given to us so that we could object because the fact is the statements if one assumes they're true we could we could show that is to say if one assumes they were made we could show they were absolutely false because why? It's a complicated issue under rule 806 of the Federal Rules of Evidence but on multiple other occasions Emil Buari who said many things at many times said exactly the opposite to the agents and they were aware of that that Ghassan didn't have criminality in his DNA he's not the kind of person who would be involved in this and finally the fact that none of these transactions involved the use of any of Ghassan's accounts any of Ghassan's checks any intervention or use of Ghassan in any way so that that it was an inappropriate and even for the purpose for which it was submitted which is to tell what a reasonable person could have thought about probable cause in light of the conversation that that conversation in out of context or out of the larger context of all the conversations was not was subject to interpretation and therefore... Precisely Judge Berzon in other words if we had known that the district court judge intended to take judicial notice of that specific thing we could have asked him to take judicial notice of 15 other contradictory statements which would under rule 806 the Federal Rules of Evidence completely impeach the limited out of context statement that that was relied upon. Impeach it in the sense that a reasonable person would not have relied on it in light of all the other ones. A hundred percent especially so since as we say the agents falsely claimed to have made statements to Ghassan that in fact were never made so that consciousness of guilt I submit is appropriately considered in determining whether they reasonably believe there was probable cause with which to proceed. I have exceeded my time. I do have a question for you. I didn't want to interrupt Judge Berzon's line of questioning. I'm still not sure that your I'm looking at count 12. I don't find that language particularly illuminating. When you were asked earlier what was the basis to say there was the third substantive charge you cited the government's pleadings but can you tell me more specifically what is what is there that shows that this was not just the aiding and abetting charge because that's what count 12 looks like to me but is there some language in there that suggests there was also the substantive offense? Yes let me if I could just refer the court to page 11 of our excerpt of record. This is quoting from the government's pleading in the district court. But isn't the most important thing what the the indictment says so I'm looking at the indictment in count 12 in the indictment because it's me that the government and the district court both believe that there were only two charges and how this was litigated below so. Well may I Judge Beatty just tell you that that's not correct exactly as to the government. The government says plaintiff fails to grapple with the fact that the indictment charged both him and his brother with money laundering and aiding and abetting. It does not specify which brother committed the substantive offense and which brother aided and abetting. That's what's in page 11 of the excerpt of record that we submitted. And as a pleading point the government is quite correct. In other words they somebody can be charged and 18 USC section 2 is construed to be a part of every indictment whether it's alleged specifically or not there are cases that say that. So that he was charged under both wrongs in other words he was charged substantively as a substantive as a substantive principle and he was also charged as an aider and abetter. Well in fact to have an aiding and abetting you have to have a principle and the way the thing is charged I'm just looking at us now I hadn't realized it it says aiding and abetting one another so therefore it is charging each of them with possibly being the principal because somebody has to be the principal and it doesn't say exactly it doesn't say which one it is and it also goes on and says did knowingly conduct an attempt and so on aside from the aiding and abetting allegations so that seems to be an affirmative charge that he actually did it and if there and one of them has to actually do it right. So the answer to that is yes although the government points out and believe it or not there is there is there's case law and instructions that say the jury can convict but they need not determine who was the aider and abetter and who was the principal if if the crime was done the defendants involved. Right but they have to say that there was one there has to be one. 100% but that's why in this case especially the point is that the representation that the specific funds were some way the product of unlawful activity. Now it doesn't have to be made in that language the person doesn't have to say oh by the way Hassan I wanted to let you know the subject matter of this transaction is the fruit of substantive unlawful act unlawful activity. It can be done in another way like oh you know this is from our prostitution business or you know we're dealing that we we did a big deal the other day something like that but it must be representation made somebody at some point. I have exceeded my time now so I will give you a little bit of time for rebuttal thank you counsel and we'll hear from the government. Thank you good morning may it please the court Wayler Sean for the defendants appellees. So with regard to the FTCA case the question of course is whether the plaintiff has adequately alleged the want of probable cause to initiate the criminal proceedings and I just want to begin I'm sorry in that analysis we begin with the presumption of probable cause that's created by the grand jury what about this I mean it seems to me one of the major issues is whether there's a substantive charge of money of money laundering in count 12 what's the government's position on that? There is there is only one count one charge in count 12 and what count 12 charges is that there was a money laundering transaction that occurred in the hotel room in Miami and aiding and abetting is simply one means by which either either defendant but in particular I think the government had in mind the plaintiff could be held liable for that substantive crime and that's exactly what 18 USC 2 says it says whoever commits an offense against the United States or a well I don't think there's any question that it that it puts forward in aiding and abetting charge but why doesn't it also put forward a substantive money laundering charge it references 1956 a 3 a and B right so I mean what's important here yes it does say that's only for purposes of the aiding and abetting that's only to support the aiding and abetting what well the count 12 charges both defendants I'm sorry but it charges both Emil Borey and plaintiff and so it certainly is charging that a a money laundering transaction within the meaning of the statute has occurred the principal I'm sorry and that one of them committed it yes yes so certainly one doesn't say which one it says the opposite it says aiding and abetting one another so and that seems pretty clear that it is a large alleging that each of them was a prince and that is simply I don't think that's true at all in fact that is exactly how aiding and abetting is the principal right well that's the thing because it the indictment does not need to specify who is the principal and who is the aiding and abetting one another right but I that does not that's simply how aiding and abetting is charged and that's fine but that's because there was alleging that these both a principal and an aid or better there is only one crime your honor and the defendants can be found guilty on on either as a principal or as an aid or an abetter and the fact that there are two means of reaching that liability doesn't mean that there are two separate substantive counts that it's in USC to actually even consider this so right I mean the district court just said there were two crime there's two crimes here aiding and abetting but it didn't consider a third crime represent the substantive money no the district court never considered it this argument say hey this is open to interpretation is the best action to remand this and say look we want you to look at this no I don't think so for many reasons one I think it's erroneous but to the argument was not raised before the district court in fact even plaintiff's own complaint says that there were two counts and aiding and abetting count in a conspiracy count that is how every everyone to the district court I'm sorry that was how it was exactly and presented the third claim come up just on appeal I I'm not sure where it came from I mean the first that I sort of understood that there was even argument that there was a third complaint I'm sorry a third charge was when this court entered its order that's not how I had understood the case or anyone involved but I thought at places you did allege it as a substantive but let's go on with the the actual charge then it says aiding and abetting one another and then it says did knowingly conduct an attempt to conduct a financial so it says he did it this person each of these persons did it and that's consistent with the aiding and abetting one another so it seems I mean I was less clear about this until I came in and stared at some more but it does seem to me that putting those two things together the affirmative language about did knowingly contact an attempt and the aiding and abetting one another they're charging in the alternative each of them as as the principal well your honor the way that criminal indictments are usually written and again I I should also point out that this was the criminal indictment was written by the U.S. Attorney's Office the claims here do not pertain to the conduct of the U.S. Attorney's Office and to the extent that you know there was an error in how the indictment was drafted you know that would not support a malicious prosecution claim based on the actions of the FBI agents but just to back up for a minute that the way that criminal indictments are usually drafted is that they are to the extent that their alternative means of liability for the same crime they are drafted in the conjunctive so even if the statute says do X or Y the indictment is drafted as X and Y. Your point is your point is you you are making the point that there is somebody somebody is guilty of money laundering but we're not we're not even pursuing that claim we're only pursuing the aiding and abetting and they helped each other in aiding and abetting is that is that it yes I think that you know that if the F is evidence had supported it the government could have pursued a theory where plaintiff was a principal but that's not in fact what they pursued was there a suggestion that somebody else was the principal and you just didn't know or you just you just said we're not pursuing a principal at all I'm not sure exactly how that was described in in the district court but it ultimately none of this makes any difference because there's ample Ninth Circuit precedent on these kinds of if the government had only charged the substantive offense there would be an implicit aiding and abetting charge and if the if the evidence at trial had only demonstrated that the defendant was guilty of aiding and abetting it's not that the defendant would have been found not guilty of the substantive offense and guilty of aiding and abetting he would be found guilty of the money laundering under the aiding and abetting theory as stated by 18 USC 2 which says that someone who aids and abets is punishable as a principal so again that it's impossible to sort of draw a distinction that sort of goes to the my question before which is if there's probable cause on the aiding and abetting then there's no he was he was not wrongfully detained for the year and a half yes I I think that's right and that and so for example the punishment for aiding and abetting you're saying is a legal matter they couldn't even even if we were to remand this to the district court they couldn't even show there's no way they could legally show that he wouldn't have that he would have been wrongfully detained for that time because it it it all collapses into the same analysis exactly it's it's it's a single offense with different means of liability either as a principal or as an aider and a better and going and and the reason it makes a difference as I understand it is because the representation provision wouldn't have to be made to the aid or the better well I think as opposing counsel conceded the point is just that the representation does have to be made to someone involved in the scheme but it doesn't the statute doesn't specify who it has to be made to so if it was a minute to Emil Borey and plaintiff got knowledge of that that's fine if it was made to plaintiff and Emil got knowledge that way that would also be fine so as long as the representation was made to someone it's it doesn't matter which is the probable cause question I'd like to know how the facts on aiding and abetting and or an conspiracy but that seems easier on aiding and abetting how does the what was known to the police two questions well how was what was known to the officers demonstrate the intent to promote the carrying on of specified unlawful activity which is defined in the indictment or the intent to conceal and disguise the nature etc how does the intent come out of the place of this judicial notice in making that decision absolutely so first I'd like just to start with the probable cause standard because again the point here is not you know whether the government had proof beyond a reasonable doubt or even proof by a preponderance of the evidence that plaintiff actually had the requisite knowledge rather it's only whether he had whether there was a reasonable inference that he did or there was a substantial chance that he did and I think the the evidence amply demonstrates that the government had probable cause to make that conclusion so first we start with the fact that there is a undisputed money laundering transaction that is happening in the hotel room nowhere in the complaint does plaintiff dispute that the transaction itself satisfied in fact or in other words that the substantive offense in fact occurred and so while this was occurring with an extremely large sum of money which is $60,000 obviously a money counter is essential to completing the transaction and plaintiff is the one who brings the the money counter to the hotel room he doesn't just drop off the hotel drop off the counter and leave he stays there while the money is counted and so I think that his involvement in our central tool for completing the transaction is sufficient to create an inference so I think so even based on that on that alone I think it's reasonable to draw the inference that that plaintiff was complicit with the meal but then we add to it the state that's not good enough it has to be the intent to promote the carrying on of specified unlawful activity and that specified unlawful activity is later defined to be the position and sale of substances and transporting recruiting and so he has to intend to to promote the carrying on of narcotics trafficking I used to know that as I understand it and and prostitution not just something rather it's going on so I first I would start with the fact that there's no dispute that the representation or that that Emil Borey had the guilty knowledge so then then the inference is that plaintiff by bringing a money counter to the transaction to assist Emil had in fact you know had agreed or you know had some sort of complicity with Emil Borey in conducting the transaction so that would permit as I understand it if he knew that his brother was involved in something shady that's not good enough right he would have to have the knowledge but I think it's permissible to draw the inference that that he had acquired the knowledge from his brother and and I should also just back up and also note that the court should only get to this if it finds that the presumption of probable cause created by the grand jury indictment has been rebutted and I don't think plaintiff has overcome that presumption because there was fraudulent testimony to the grand jury and even if he doesn't have to know that even if the representation didn't have to be made to me if they lied to the grand jury and said it was made to him wouldn't that impeach the whole grand jury determination because they could have relied on that as being the representation that was made to someone and it wouldn't be true so why isn't that the end of the grand jury but there's no there's no factual basis in the complaint for concluding that the agents in fact made this lie this purported lie to the grand jury all they're relying on is what they say are the words in the indictment and as I've tried to explain that's a misunderstanding of the indictment. But they say that repeatedly that they made this up and they lied about it to various people and it was in police reports in other places as I understand it. Is that right? I mean yeah they've alleged that there were false statements in reports but again there's... So the inference that if they were lying to in general they wouldn't go and lie to the grand jury too is not at least as good an inference as the probable causes that you're I would disagree because I think I simply don't I there's just no in fact I would just back up and say that there is this is a case in which there was substantial even by plaintiffs own complaint there was substantial documentary evidence of conversations that occurred between... But that's a different point. That's the point that I was... the second point I wanted you to talk about. Right but what I meant to get say was that there's no reason to think that plaintiff has not even alleged that... They do allege that it was made to the grand jury. Right but that's simply a conclusory assertion there's no factual basis for it. In fact they have no factual basis for even saying that the defendants in the Bivens case even testified to the grand jury. Again there was substantial documentary evidence in this case. There's no reason to believe that it was even necessary for the that the judicial notice was improper even for the purpose that it was admitted because it was out of context and in context it was it could have been demonstrated to be not a sufficient basis. Nothing anybody reasonably would have relied on because of other things that were said. So first of all I think it's you know plaintiff is the master of his allegations that he thought were sort of favorable or exculpatory and so I there's no reason to think that he failed to include any allegations simply because of this question of judicial notice. But on judicial notice you know I would say that the plaintiff admits even in this very court he has made a judicial admission that this conversation actually occurred and I would point the court to the plaintiff's opening brief. No I don't think there's any doubt about that. I think his his argument is well then we could have judicially noticed other things that would have tampered. Right but there was no need for a plaintiff to rely on judicial notice because he is the master of his complaint. He could have placed any conversation he wanted to. He could have put the other ones in. Right and he did and he put in the statements about you know how he Emile's I'm not getting the language precisely right but something about you know whether the judicial notice that did occur was improper. I don't think it's improper. To be dealing with that question because as I understand it it was the judge who brought this up you the government didn't even argue it. The judge who remembered that this occurred in that was in the record in the Emile Bollari case who brought it up. I'm sorry no I actually I don't I I will have to double-check but I believe that's not correct. I believe the plaintiff did not ask to judicially notice the statements in its response brief and I believe that plaintiff made a response to that in his reply brief again without asking for additional judicial notice of any other statements which in any event would not have been necessary. Okay if you want to conclude briefly. Oh no I mean if the court has no further questions we ask that the judgment of the district court in both cases be affirmed. Thank you counsel. Thank you. We'll give you two minutes for rebuttal. Counsel relies upon what he calls the presumption of grand jury regularity. The only witnesses to the events in the hotel room was the I think it not completely crazy to suggest that a claim as to statements must be based on the testimony of one of those participants. The second thing I need to say is the whole idea that the government invokes the principle of regularity is in this somewhat crazy. The case was dismissed because of the grossest form of investigative misconduct on the part of the government. The government informant was permitted to defraud two of the defendants by the most outrageous forms of lies. The government agents themselves repeatedly engaged in the most forms of conduct taking full advantage of their scope as undercover agents. This is a case that cries out for discovery and it cries out for a remedy of a person who was because of his unfortunate presence on one occasion brought into this case and deprived of a year and a half of his life. His presence in the room, by the way, was at the behest of the agents who told Emil, Why don't you have your brother get it? Emil said, No, I have the money counter downstairs. And the agent said, Well, don't you get it? Just have your brother bring it up. I asked the court to reverse this matter and allow us to go forward with the case. I appreciate your honor's attention this morning. Thank you. Thank you to both counsel for your arguments in the case. The case is now submitted.
judges: BERZON, NELSON, BADE